IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER DEWITT,

Plaintiff,

v.

WAL-MART STORES, INC., JAIMIE TYLKA, and
REBEKAH DEDMAN,

Defendants.                                    No. 17-cv-1383-DRH-DGW

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

#### I.    Introduction

Pending before the Court is plaintiff Christopher DeWitt's motion to remand this action to the Randolph County, Illinois Circuit Court (Doc. 14), to which defendants filed a joint response (Doc. 19). Also pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). For the following reasons, the Court grants motion to remand and denies as moot the motion to dismiss.

#### II.    Background

Christopher DeWitt initially filed his complaint on November 14, 2017, in the Randolph County Circuit Court (Doc. 1-1). Plaintiff names Wal-Mart Stores, Inc., Jaimie[1] Tylka and Rebekah Dedman as defendants to his lawsuit. He alleges violations of the Illinois Human Rights Act ("IHRA"), Illinois Whistleblower Act

---
[1] The proper spelling of defendant's first name is "Jaime".

("IWA"), and Illinois common law. Specifically, plaintiff charges the defendants with sex discrimination and retaliation under the IHRA and retaliation under the IWA. The complaint also charges Wal-Mart with retaliatory discharge in violation of Illinois common law (*Id.*).

Plaintiff's complaint alleges that he was a Wal-Mart store manager at the Chester, Illinois location from March 2010 until his termination. Jaime Tylka was the Market Manager for Wal-Mart's Southern Illinois Market and plaintiff's supervisor. Rebekah Dedman was Wal-Mart's Regional General Manager, and Tylka's direct supervisor. Prior to his termination, plaintiff alleges that Tylka "treated female employees differently and with more respect than plaintiff." (Doc. 1-1, ¶ 11). Plaintiff complained of discrimination to Wal-Mart on April 21, 2016 (*Id.* at ¶ 12). Thereafter, on May 6, 2016, he filed a Charge of Discrimination with the EEOC and IDHR alleging sex discrimination and retaliation (*Id.* at ¶ 13).

While plaintiff's Charge of Discrimination was pending, he was on a medical leave of absence from mid-April 2016 until June 10, 2016. Upon plaintiff's return to work following medical leave, he alleges that he learned Wal-Mart's response to allegations of OSHA rules violations was untruthful. Plaintiff contends that he raised his concerns with Deadman and other regional supervisors about the unsafe working conditions, but he was ignored and later told he should resign (*Id.* at ¶ 22). Thereafter, plaintiff allegedly reported Wal-Mart's untruthful OSHA responses to both Wal-Mart and OSHA (Doc. 1-1, ¶ 24, ¶ 28). Subsequent to his reporting to Wal-Mart, Tylka gave plaintiff a "Third Written Warning" as part of

Wal-Mart's progressive disciplinary policy. However, plaintiff alleges that this was his first warning.

On October 3, 2016, plaintiff was fired from Wal-Mart (*Id*. at ¶ 30). He filed a second Charge of Discrimination on December 11, 2016, with the EEOC and IDHR. On August 31, 2017, the IDHR issued a notice of dismissal, and plaintiff filed the pending lawsuit on November 14, 2017, in the Randolph County Circuit Court (Doc. 1-1). Defendants removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants contend that Tylka has been fraudulently joined to defeat federal diversity jurisdiction because plaintiff has no possibility of establishing a claim for relief against Tylka or Dedman under Illinois law.[2] Specifically, defendants argue that there is no individual liability under the IHRA or IWA for discrimination or retaliation. Thereafter, plaintiff moved to remand the case to the state court, arguing that the defendants have not established fraudulent joinder (Doc. 13).

### III. <u>Legal Standard</u>

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441,

---

[2] The record shows that, for diversity purposes, plaintiff is a citizen of Illinois, while Defendant Wal-Mart is a citizen of Delaware and Arkansas, Defendant Dedman is a citizen of Missouri, and Defendant Tylka is a citizen of Illinois. The Court notes that the parties do not dispute that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006).

is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

The Seventh Circuit directs federal courts to interpret the removal statute narrowly, resolving any doubts in favor of the plaintiff's choice of forum in the state court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Defendants bear this burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Under the fraudulent joinder doctrine, a court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Id*. at 763 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). Fraudulent joinder exists if the plaintiff has made false allegations of jurisdictional fact, or if a claim against a non-diverse defendant has no chance of success. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Here, the defendants argue that the plaintiffs' claims against Tylka have no chance of success.

## IV. Analysis

Plaintiff moves to remand this action back to the Randolph County Circuit Court, arguing that the defendants have not established fraudulent joinder because the IWA and IHRA claims brought against the individual defendants are permitted under the law (Doc. 13).The Court agrees that the defendants have failed to show that defendant Tylka was fraudulently joined, and thus, complete diversity among the parties does not exist in this case.

Plaintiff asserts that the Whistleblower Act provides for individual liability, in light of the 2008 amendments to 174 ILCS 174/5. On January 1, 2008, the IWA's definition of the term "employer" was amended to include:

> "an individual, sole proprietorship, partnership, firm, corporation, association, and any other entity that has one or more employees in this State, ... *and any person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees.*"

174 ILCS 174/5 (emphasis added).

Here, plaintiff's complaint alleges that "at all relevant times, defendants were employers within the meaning of the Whistleblower Act." (Doc. 1-1 ¶ 45). Plaintiff also alleges that Tylka was his supervisor, and an employee of Wal-Mart (*Id.* ¶ 4), and that Dedman was both plaintiff's and Tylka's direct supervisor during the time at issue, and that she, too, was an employee of Wal-Mart (*Id.* ¶ 5). Plaintiff also alleges that Tylka and Dedman were acting within the scope of their

authority when dealing with plaintiff as an employee. Clearly, the unambiguous and plain language of the IWA includes Tylka and Dedman because both are alleged to have been acting on behalf of Wal-Mart and within the scope of their authority. *See Van Pelt v. Bona-Dent, Inc.*, No. 17 C 1128, 2018 WL 2238788, at *6 (N.D. Ill. May 16, 2018) ("The unambiguous and plain language of the IWA includes [the individual defendant] because he is alleged to have been acting on behalf of the [] corporation and within the scope of his authority when he fired [plaintiff]."); *Hower v. Cook Cty. Sheriff's Office*, No. 15 C 6404, 2016 WL 612862, at *3 (N.D. Ill. Feb. 16, 2016) (denying motion to dismiss Illinois Whistleblower Act claims because complaint alleged defendants acted within the scope of their authority when dealing with plaintiff as an employee); *Bello v. Vill. of Skokie*, 2014 WL 4344391, at *8-9 (N.D. Ill. 2014)(finding individual liability under Illinois Whistleblower Act). Therefore, upon review of the pleadings, the Court finds that plaintiff's allegations fail to indicate that he has no reasonable possibility of stating a claim for retaliation under the IWA against Tylka.

As stated above, a defendant seeking removal that is contingent upon a finding of fraudulent joinder faces the very high burden of showing that plaintiff's case against the non-diverse defendant has no chance of success. The plaintiff's prospect for success against Tylka may well be uncertain, but that is simply not enough to warrant disregarding those claims in assessing this Court's jurisdiction. Because defendant Tylka and plaintiff are both citizens of Illinois, complete diversity as required by Section 1332 does not exist. This Court, therefore, lacks

jurisdiction over the case and grants the plaintiffs' motion to remand. Furthermore, because the Court lacks jurisdiction over this case, it will not address defendants' motion to dismiss. This case is remanded to the Randolph County, Illinois Circuit Court.

V. Conclusion

Accordingly, because the Court lacks subject matter jurisdiction over plaintiff's complaint, the Court **GRANTS** plaintiff's motion to remand (Doc. 14), and **REMANDS** this matter to the Randolph County, Illinois Circuit Court pursuant to 28 U.S.C. § 1447(e). Furthermore, the Court **DENIES as moot** defendants' pending motion to dismiss (Doc. 8).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.31
14:51:42 -05'00'

United States District Judge